**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARY LEWIS | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 2:11-cv-2507 |
| | : | |
| CABANA COACHES, LLC | : | |
| Defendant. | : | |
| | : | |

Goldberg, J.                                                         January 26, 2012


**<u>MEMORANDUM OPINION</u>**

The issue in this case is whether the Court has personal jurisdiction over the Defendant, Cabana Coaches, LLC ("Cabana").  Plaintiff, Mary Lewis, brought this action against Defendant,, a charter bus company operating in Southern Florida, alleging that she sustained injuries when exiting one of Defendant's buses at the Miami Airport.  Plaintiff claims that she fell when exiting the bus as a result of Defendant having negligently stopped the bus too far from the curb.  (Compl., Doc. No. 1, at ¶ 21.)

The complaint was filed in this Court on April 11, 2011.  On June 15, 2011, Defendant moved to dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), requesting that the Court either dismiss the action, or in the alternative, transfer it to the United States District Court for the Southern District of Florida.  Plaintiff has filed a response, and Defendant has filed a Supplemental Memorandum in support of its motion.  For the reasons that follow, Defendant's motion is granted and this action is transferred to the District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1631.

1

## I. Background

Based upon the averments in the complaint, the pertinent facts, viewed in the light most favorable to Plaintiff, are as follows:

Plaintiff is a Pennsylvania resident who, in May 2009, booked a five-day cruise on a Carnival Cruise Lines ("Carnival") ship with a group of friends through a Philadelphia travel agent. The cruise left out of, and returned to, the Port of Miami, and the travel package Plaintiff received from the agent included vouchers for transportation between the cruise and the airport. Plaintiff returned from her cruise and boarded a bus owned and operated by Defendant destined for the Fort Lauderdale International Airport. The bus stopped first at the Miami Airport and pulled up to the curb in such a way so as to leave a gap between the bus and the curb. Plaintiff exited the bus, fell into the gap and sustained the injuries for which she now seeks compensation. (Compl., at ¶ 9-22.)

Defendant is a charter transportation company with its principal place of business in Op-Locka, Florida. (Id., at ¶ 2.) Defendant had an ongoing relationship with Carnival to provide transportation for cruise passengers between the docked ships and the Miami and Fort Lauderdale International Airports. (Id., at ¶ 7.)

## II. Legal Standard

Analyzing whether a court has personal jurisdiction is a two step inquiry. Pennzoil Prod. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir. 1998). First, I must determine whether the exercise of personal jurisdiction is authorized by applicable state law. If it is, I must then determine whether the exercise of jurisdiction under the circumstances comports with the due process requirements of the United States Constitution. Id. Because the relevant Pennsylvania statute authorizes the exercise of personal jurisdiction "to the fullest extent allowed under the Constitution

of the United States," 42 Pa.C.S. § 5322, my analysis centers upon the second step.

Under the due process standard, Plaintiff "bears the burden of establishing either that the cause of action arose from the defendant's forum-related activities (specific jurisdiction) or that the defendant has 'continuous and systematic' contacts with the forum state (general jurisdiction)." Mellon Bank (East) PSFS v. DiVeronica Bros., 983 F.2d 551, 554 (3d Cir. 1993). Plaintiff must "establish[] with reasonable particularity sufficient contacts between the defendant and forum state." Mellon Bank (East) PSFS v. Feronica, 960 F.2d 1217, 1223 (3d Cir. 1992).

## III. Analysis

I conclude that Plaintiff has failed to establish that this Court has either general or specific jurisdiction over the Defendant. The allegations in her complaint, accepted as true, do not establish that Cabana has sufficient contacts with Pennsylvania. Plaintiff has failed to allege or provide evidence to suggest that Cabana does any business in Pennsylvania, let alone that its contacts are "systematic and continuous." Pennzoil Prod. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir. 1998). Indeed, Plaintiff's complaint is silent as to Cabana's relationship to this forum. The complaint is therefore clearly insufficient to meet the "demanding" general jurisdiction standard. Orazi v. Hilton Hotels Corp., 2010 WL 4751728 at *2 (E.D.Pa. Nov. 22, 2010).

Plaintiff has also failed to establish that specific jurisdiction exists. The only relevant allegation in this regard is that Plaintiff has received "bus tickets/travel vouchers" in Philadelphia. (Compl., at ¶ 10.) She has not alleged or produced any evidence to suggest that these vouchers were produced, sold or in any way distributed by Cabana. Indeed, Defendant's Chief Financial Officer has attested that Cabana contracts only with the cruise line and does not do any business directly with passengers. (O'Conner Aff., Doc. No. 6-1, at ¶ 13.) Plaintiff has not challenged this assertion or

claimed otherwise.  Simply put, there is nothing in Plaintiff's complaint or in her response to Defendant's motion to suggest that Cabana engaged in any forum-related activities or that this case "arises from or relates to conduct purposefully directed at the forum state."  <u>Kehm Oil Co. v. Texaco, Inc.</u>, 537 F.3d 290, 300 (3d Cir. 2008).

Therefore, I conclude that the Court does not have personal jurisdiction over Defendant in this case.  28 U.S.C. § 1631 provides that where a court finds that jurisdiction does not exist, it shall, if it is in the interests of justice, transfer the case to any other court in which the action could have been brought.  Here the interests of justice require that this action be transferred rather than dismissed.  Transfer will serve judicial efficiency, and spare the litigants unnecessary cost and effort.  Both parties have suggested that the Southern District of Florida, where the accident occurred and Defendant maintains its principal place of business, would be the most appropriate alternate forum.

## IV. Conclusion

For the reasons stated herein, Defendant's "Motion to Dismiss Or In The Alternative To Transfer" (Doc. No. 6) will be granted, and this matter will be transferred to the United States District Court for the Southern District of Florida.

Our Order follows.